## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-00287-JLK

SHANE FRENCH,
PATTI FRENCH, and
GLENN FRENCH,

    Plaintiffs,

v.

CASEY EUBANKS, in his individual capacity;
JENNIFER GOODALL, in her individual capacity;
BOYD NEAGLE, in his individual capacity;
DAVID ALLMON, in his individual capacity; and
THE CITY OF CORTEZ, COLORADO,

    Defendants.

---

## PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

*Tuesday, February 12, 2019 at 1:30 p.m.*

| | |
|---|---|
| Kathryn J. Stimson<br>kstimson@hmflaw.com<br>Haddon Morgan & Foreman<br>150 E. 10th Ave.<br>Denver, CO 80203<br>(303) 831-7364 | Eric Ziporin<br>eziporin@sgrllc.com<br>Joseph D. Williams<br>jwilliams@sgrllc.com<br>Senter, Goldfarb & Rice, LLC<br>3900 E. Mexico Ave, Suite 700<br>Denver, CO 80210<br>(303) 320-0509 |
| David A. Lane<br>dlane@kln-law.com<br>Killmer Lane & Newman LLP<br>1543 Champa Street Ste 400<br>Denver, CO 80202<br>(303) 571-1000 | *Attorneys for Defendants* |

Tiffany J. Drahota
tiffany@drahotadefense.com
Drahota Defense LLC
3200 Cherry Creek South Drive
Suite 720
Denver, CO 80209
(402) 651-0383

*Attorneys for Plaintiffs*

## 2. JURISDICTION

This Court has jurisdiction because at all times relevant to the Complaint, the Plaintiff and Defendants were citizens of the State of Colorado, residing in the State of Colorado and all of the events took place within the State of Colorado. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), and this case is brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiff's claims for attorney fees is conferred by and brought pursuant to 42 U.S.C. § 1988. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).

## 3. CLAIMS AND DEFENSES

a.  **Plaintiff's Statement:** On February 14, 2014, Patti French called 911 and asked that her son be placed on a mental health hold. He long suffered from mental health issues and was having a total break from reality. Mrs. French was concerned her son was going to wake up their neighbors by stepping outside and yelling. Shortly after Mrs. French's initial phone call, the 911 dispatcher called Mrs. French back and asked if it was "just verbal," which Mrs. French confirmed. Mrs. French reiterated that her son, Shane French, "needs mental help," and that there were no weapons in the house. No one reported that a crime was being or had been committed.

Instead of a compassionate, empathetic response by the Cortez Police Department, three

officers broke down Mrs. French's door, rushed at her son, threw him to the ground and tased him repeatedly. Shane French had not committed any crime. While handcuffed, officers drug Shane French from the French home in front of his parents, pushed him against a patrol car and tased him five more times on his bare skin, while he lay on the ground, in handcuffs.

In addition to the burn marks on his back from the surges of electricity the officers shot through his body while he lay on the ground, Shane French was criminally charged with First Degree Attempted Murder, among other charges, and incarcerated. No one from the Cortez Police Department made any efforts to make sure that Shane French received a mental health hold or any kind of mental health treatment. Instead, Shane French sat in jail for approximately one year until a jury acquitted him of all charges.

b. **Defendants' statement:** This case arises out of events surrounding the arrest of Shane French ("Shane") by Cortez Police Department officers on February 14, 2014 in which Shane stabbed Defendant Casey Eubanks. Officers of the Department were familiar with Shane through personal experience with his erratic, volatile, and violent behavior. Shane's reputation as having a history of violence towards law enforcement and carrying concealed weapons was also well known to officers. While officers had this information, none were aware that Shane claimed to have a mental health disability.

The officers responded to a 911 call for assistance to 614 N. Texas Street in Cortez placed by Shane's mother, Plaintiff Patti French ("Patti"), because Shane was "out of control." The officers arrived to find a loud, ongoing commotion occurring inside the home. Officers announced themselves to the occupants of the home, including Patti and Shane's father, Plaintiff Glenn French ("Glenn"), who were aware that officers were responding to their request for assistance given their

3

son's erratic and uncontrollable behavior. Officers entered the French residence when the front door was opened to them, and were almost instantly confronted by Shane, who they were forced to restrain and disarm. While trying to restrain Shane, who was armed with two knives, Officer Casey Eubanks was stabbed in the side when a blow from one of Shane's knives glanced off of his radio, and slipped under the lower edge of his body armor. Officer Neagle drew his TASER and announced "TASER" so that Shane would hear his announcement. Shane continued to fight Officer Eubanks, so Neagle deployed the TASER in "drive stun mode" to Shane's lower back and right side.

Eventually, Officers were able to handcuff Shane and remove him from the home. While officers transported him from the house and searched him, Shane struggled violently by thrashing and swinging his body, kicking, punching, and swinging his head. Shane kicked Officer Neagle. Officer Neagle again drew his TASER and deployed it in drive stun mode onto Shane. Shane tried to take the TASER from Officer Neagle. Officer Goodall grabbed Shane's hand and used a wrist lock to allow Officer Neagle to keep control of the TASER. Shane was subsequently arrested for his armed attack on officers, and was criminally charged by the District Attorney with several counts, including attempted murder.

Defendants contend that Patti consented to the officers' entry into the home in response to an emergency call. The officers' entry was also supported by their objectively reasonable perception of an ongoing emergency inside the home threatening Plaintiffs' immediate safety. Officers Eubanks and Neagle used only the amount of force which was objectively reasonable to effectuate a lawful arrest of Shane for attacking officers and violently resisting arrest. There was probable cause supporting each offense charged. As to the claim against the City, the City provided

extensive training to its officers on the use of force and dealing with persons with mental illness, and given that training, the City was not deliberately indifferent to any alleged deficiency in this regard.

As to defenses, Defendants assert the following: (1) Plaintiffs have failed to reasonably mitigate their alleged damages; (2) Plaintiffs' alleged damages, if any, were caused by reason of Plaintiffs' acts and conduct, and by Plaintiffs' refusal to comply with the reasonable and lawful requests of police officers, not by reason of any unconstitutional conduct of Defendants; (3) Plaintiffs' damages, if any, are not to the extent and nature as alleged; (4) Plaintiff Shane French's damages, if any, are due to pre-existing injury; and (5) the individual defendants are entitled to qualified immunity.

## 4. STIPULATIONS

The following facts are stipulated:

a. At all relevant times, Officer Casey Eubanks, Officer Boyd Neagle, Officer Jennifer Goodall (formerly "Lodge") and Sergeant David Allmon were employed by the City of Cortez as members of the Cortez Police Department and were acting under color of state law.

## 5. PENDING MOTIONS

There are no pending motions at this time; however, Plaintiff's counsel anticipates filing a motion *in limine* and/or 404(a)(b) motion to determine what, if any, 404 evidence may be admitted in the civil case against Shane French. At the final pre-trial hearing, Plaintiff's counsel will request a briefing schedule and a two-hour evidentiary hearing prior to trial to be heard on this motion. Defendants also intend to file motions *in limine* relating to inadmissible Rule 404 evidence.

# 6. WITNESSES

**a.      Plaintiff's Non-expert Witnesses:**

(1)     Witnesses who **will** be present at trial:

    a.  Patti French
        Cortez, Colorado

Patti French will testify about Shane French's mental disabilities and limitations, and that she has power of attorney to make medical, financial and legal decisions on his behalf. Patti French will also testify that she cares for her husband, Glenn French, who is blind due to an unrelated mining accident.

Patti French will testify regarding her call for help to the Cortez Police Department on 2/14/14; wherein she asked for a mental health hold for her son and she asked the officers to respond without lights or sirens. Patti French will testify that the officers barged into her home without consent, a warrant or exigent circumstances and broke the door. Patti French will testify that Shane was forcefully taken down in his own home by the officers even though he had committed no crimes. Patti French will testify that Shane French was falsely arrested and taken outside of the home on 2/14/14 where he was repeatedly tased after apologizing to the officers.

Patti French will testify that Shane was incarcerated for approximately 303 days and charged with attempted murder as a result of the 2/14/14 incident. Patti French will testify regarding the emotional and mental toll the prolonged incarceration and detention of Shane French took on him, in addition to the stress and worry associated with fighting the attempted murder charge. Patti French will testify that Shane French was acquitted of all charges after a public jury trial. Patti French will testify to Shane French's injuries, damages and losses as a result of the 2/14/14 incident.

    b.  Ryan Carter
        New Mexico

Ryan Carter will testify that he was called to the French residence on 2/14/14 in response to a 911 call. Ryan Carter will testify as to his observations of the scene on 2/14/14, the actions taken by himself and the actions he observed the other officers taking on scene.

    c.  Casey Eubanks
        Cortez, Colorado

Casey Eubanks will testify that he was called to the French residence on 2/14/14 in response to a 911 call. Casey Eubanks will testify as to his observations of the scene on 2/14/14, the actions taken by himself and the actions he observed the other officers taking on scene. Casey Eubanks will describe his entry into the French home and his takedown and arrest of Shane French.

Casey Eubanks will testify to the damage he caused to a police cruiser after interacting with Shane French. Casey Eubanks will testify to the medical treatment he received based on his allegation that Shane French stabbed him. Casey Eubanks will testify that his injuries formed the basis for the attempted murder charge in the criminal case.

        d. 911 Dispatcher
           Cortez, Colorado

The 911 dispatcher will testify that Patti French called 911 on 2/14/14 and requested a mental health hold for her son.

    (2) Witnesses who **may** be present at trial if the need arises:

        a. Glenn French
           Cortez, Colorado

Glenn French may testify that he is Shane French's father and he is legally blind. Glenn French may testify that Patti French called 911 for a mental health hold for her son and made it clear that she wanted help for him. Glenn French may testify regarding his sensory observations of the incident on 2/14/14, including the fact that he was physically pushed while Casey Eubanks took Shane French to the ground. Glenn French may testify to the damage caused to the French home on 2/14/14. Glenn French may testify to his sensory observations of Shane French being forcibly removed from the home on 2/14/14. Glenn French may testify regarding the emotional and mental toll the 2/14/14 incident took on Shane French.

        b. Jennifer Goodall
           Cortez, Colorado

Jennifer Goodall may testify that she responded to the French residence on 2/14/14 in response to a 911 call. Jennifer Goodall may testify as to her observations of the scene on 2/14/14, the actions taken by herself and the actions she observed the other officers taking on scene. Jennifer Goodall may testify to her actions taken to get Shane French into the patrol car on 2/14/14, and that Shane French was repeatedly apologizing to the officers while handcuffed and being forced into the patrol car. Jennifer Goodall may testify that she repeatedly told Shane French to "Shut up!" while he was handcuffed, tased and being forced into the patrol car. Jennifer Goodall may testify that she wrote the charging document on 2/14/14, which included a charge for attempted murder.

        c. Boyd Neagle
           Cortez, Colorado

        d. David Allmon
           Cortez, Colorado

    e. Roy C. Lane
     Cortez, Colorado

    f. Will Furse
     Cortez, Colorado

  (3) Witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony: **None**.

 **b.** **Plaintiff's Expert Witnesses**

  (1) Witnesses who **will** be present at trial:  **None**.

  (2) Witnesses who **may** be present at trial:

    a. Dan Corsentino
     Pueblo, Colorado

Dan Corsentino may testify regarding methods of legal entry into a home, including consent, exigency of circumstances and a warrant. Dan Corsentino may testify regarding appropriate use of force and that the use of force in this case was excessive under the circumstances. Dan Corsentino will testify regarding the subject-matter he testified to at the criminal trial and during his deposition in this case.

  (3) Witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony: **None**.

 **c.** **Defendants' Non-Expert Witnesses:**[1]

  (1) Witnesses who **will** be present at trial;

   (a) **Casey Eubanks**: Officer Eubanks resides in Montezuma County, Colorado. He is expected to testify in person as to his response to Patti French's 911 call on the night of the incident, the alleged use of force with Shane French, and circumstances before and after the use of force.

   (b) **Jennifer Goodall** *a/ka/a* **Lodge**:  Officer Goodall resides in

---

[1] The parties have stipulated that Plaintiff Shane French will **not** testify in this matter during trial. Mr. French did not agree to have his deposition taken, and counsel for Plaintiff has represented that he is not competent to testify at trial.

    Montezuma County, Colorado. She is expected to testify in person as to her response to Patti French's 911 call on the night of the incident, the alleged use of force with Shane French, and circumstances before and after the use of force.

 (c) **Boyd Neagle**: Officer Neagle resides in Montezuma County, Colorado. He is expected to testify in person as to his response to Patti French's 911 call on the night of the incident, the alleged use of force with Shane French, and circumstances before and after the use of force.

 (d) **Ryan Carter**: Officer Carter is believed to reside in Montezuma County, Colorado. He is expected to testify in person as to his response to Patti French's 911 call on the night of the incident, the alleged use of force with Shane French, and circumstances before and after the use of force.

 (e) **David Allmon**: Officer Allmon resides in Montezuma County, Colorado. He is expected to testify in person as to his response to Patti French's 911 call on the night of the incident, the alleged use of force with Shane French, and circumstances before and after the use of force. He will also testify as the interview with Pattie and Glenn French after the incident.

 (f) **Roy Lane**: Chief Lane resides in Montezuma, Colorado. He will testify in person as to the circumstances before and after the incident, the use of force, Shane French's alleged injuries, and the training of the Cortez Police Department and its officers – particularly related to use of force training and training related to dealing with the mentally ill.

 (g) **Ryan Lloyd**: Detective Lloyd resides in Montezuma County, Colorado. He is expected to testify in person as to his interview with Glenn and Patti French after the incident, and as to circumstances before and after the incident.

 (h) **Brandon Armstrong**: Officer Armstrong resides in Montezuma County, Colorado. He is expected to testify in person as to his response to Patti French's 911 call on the night of the incident, the use of force with Shane French, and circumstances before and after the use of force.

(2) Witnesses who **may** be present at trial if the need arises:

  (a) **Emory Brewer**: It is not known where Deputy Brewer resides but it is presumed that he resides in Montezuma County, Colorado. Deputy Brewer may testify in person as to his interaction with Shane French on July 25, 2017.

  (b) **Dale Foote**: It is not known where Deputy Foote resides but it is presumed that he resides in Montezuma County, Colorado. Deputy Foote may testify as to his interaction with Shane French on July 25, 2017.

  (c) **Glenn French**: Mr. French resides in Cortez, Colorado. He may testify in person as to the circumstances before and after the incident, and as to the use of force.

  (d) **Patti French**: Mrs. French resides in Cortez, Colorado. She may testify in person as to the circumstances before and after the incident, and as to the use of force.

  (e) **Will Furse**: It is not known where Mr. Furse resides but it is presumed that he resides in Montezuma County, Colorado. Mr. Furse may testify in person as to the incident, the criminal trial of Shane French, and the circumstances before and after the incident.

(3) Witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony: **None**.

    **d.**    **Defendants' Expert Witnesses:**

        (1)    Witnesses who **will** be present at trial:

            (a)    Thor Eells:  Commander Eells is believed to reside in El Paso County, Colorado.  He will be called to testify in person as an expert witness in law enforcement practice and procedure consistent with his expert reports prepared in this case, including but not limited to: (1) whether the actions of the officers were consistent with accepted standards of police policies, practices, and training; (2) whether the actions of the officers in using force against Plaintiff were consistent with accepted standards of police policies, practices, and training; and (3) whether the actions of officers in entering the residence were consistent with accepted standards of police policies, practices, and training. Mr. Eells will also be called to testify to rebut the opinions of Plaintiff's expert, Dan Corsentino.

        (2)    Witnesses who **may** be present at trial:

            (a)    **Angelo Martinez or Matt Cashner:**  Both are believed to reside in Montezuma County, Colorado.  Either Sergeant Martinez or Sergeant Cashner may be called in person to provide expert testimony regarding proper TASER use technique, and the training Cortez police officers receive on use of TASER.  Either of them may be called to rebut Plaintiffs' expert Dan Corsentino's opinions regarding the use of a TASER during the subject incident.

            (b)    **Ryan Lloyd or Frank Kobel:**  Both are believed to reside in Montezuma County, Colorado.  Detective Lloyd or Officer Kobel may be called to testify in person to provide expert testimony regarding arrest control techniques, including pressure point control tactics, and the training Cortez police officers receive on arrest control techniques.  Either of them may be called to rebut Plaintiffs' expert Dan Corsentino's opinions regarding the force used during the subject incident.

        (3)    Witnesses whose testimony is expected to be presented by means of a deposition and a transcript of the pertinent portions of the deposition testimony:  **None**.

## 7. EXHIBITS

| EX. NO. | DESCRIPTION | PARTY OFFERING | STIPULATED |
|---|---|---|---|
| 1 | Photograph | Defendants | |
| 2 | Hand-drawn diagram | Defendants | |
| 3 | Records from Montrose Memorial Hospital | Defendants | |
| 4 | Records from Two Rivers Psychiatric Hospital | Defendants | |
| 5 | Body camera video | | X |
| 6 | Records from Behavioral Health Services | Defendants | |
| 7 | Records from Behavioral Health Services | Defendants | |
| 10 | Cortez Police Department policy | Defendants | |
| 11 | Photograph of Shane French | Defendants | |
| 12 | Photograph of Shane French | Defendants | |
| 13 | Audio recording of interview of Patti and Glenn French (French.Cortez 000002) | Defendants | |
| 14 | CAD information (French.Cortez 000004 - 000012) | Defendants | |
| 15 | Police reports from arrest (French.Cortez 000043-000046) | Defendants | |
| 16 | Audio recording of dispatch and radio traffic (French.Cortez 000003) | Defendants | |
| 17 | Photographs from incident (French.Cortez 000047-000049, 000051-000067, 000070-000086) | Defendants | |
| 18 | Photographs from inside and outside of French home (French.Cortez 000090-000092, 000094-000100, 000104-000114, 000119-000122, 000127-000132) | Defendants | |
| 19 | History of CAD call information for 614 N. Texas (French.Cortez 000196-000305) | Defendants | |
| 20 | History of CAD call information for Shane French (French.Cortez 000196-000305) | Defendants | |
| 21 | Documents from Montezuma County Sheriff's Office (French.Cortez 000404-000408) | Defendants | |
| 22 | Excerpts from criminal trial transcripts (French.Cortez 001389-001439, 001502-001515) | Defendants | |
| 23 | Casey Eubanks Personnel File (FRENCH 000150) | Plaintiff | |
| 24 | Shane French's Social Security Records (FRENCH 001487-1499) | Plaintiff | |

| | | | |
|---|---|---|---|
| 25 | Casey Eubank's Facebook Screenshots (FRENCH 001500-1505) | Plaintiff | |
| 26 | Boyd Neagle's Facebook Screenshots (FRENCH 001506-1509) | Plaintiff | |
| 27 | Photos of the door damage to Plaintiffs' home (FRENCH 001672-1674) | Plaintiff | |
| 28 | Felony Investigation Hold signed by Jennifer Lodge (FRENCH 000015-000016) | Plaintiff | |
| 29 | Casey Eubanks' Physician's Injury Report (FRENCH 000017) | | X |
| 30 | Casey Eubanks' Southwest Memorial Hospital Records from 2/14/14 (FRENCH 000021-000026) | | X |
| 31 | Taser International Records (FRENCH 000045-000050) | Plaintiff | |
| 32 | Cortez Police Department Policy Manual (FRENCH 0000151-177) | | X |
| 33 | Photographs of French Home 14-0297 (1) – (31), (43) – (54).JPG | | X |
| 34 | Damage to Police Cruiser Caused by Casey Eubanks 14-0297 Allmon card (13) – (15).JPG | Plaintiff | |
| 35 | Injury Sustained by Casey Eubanks 14-0297 Allmon card (5) – (8), (16) – (24).JPG | | X |
| 36 | Damage to Casey Eubanks Clothing 14-0297 Allmon card (9).JPG | | X |
| 37 | Injuries Sustained by Shane French 14-0297 Neagle card (1) – (7).JPG | Plaintiff | |
| 38 | Patti French's 2/14/14 911 Call CPD.wav | | X |
| 39 | C.R.S. § 27-65-105(1) | Plaintiff | |
| 40 | Power of Attorney of Patti French | Plaintiff | |
| 41 | Shane French Cortez Jail Records from 2/14/14 – 12/8/14 | Plaintiff | |
| 42 | Certified Acquittal in 2014CR40 | Plaintiff | |
| 43 | Damage to Casey Eubanks Radio 14-0297 Allmon card (11) – (12).JPG | | X |
| 44 | Physician's injury report for Eubanks (French.Cortez 002357) | Defendants | |
| 45 | Documents related to Eubanks' injury (French.Cortez 002361-002366) | Defendants | |

| 46 | Consent to search by Patti French (French.Cortez 002373) | Defendants | |
|---|---|---|---|
| 47 | Shane French RAP sheet (French.Cortez 002378-002397) | Defendants | |
| 48 | August 14, 2016 incident report (French.Cortez 002404-002406) | Defendants | |
| 49 | Transcript of preliminary hearing of October 17, 2014 (French.Cortez 002408-002714) | Defendants | |
| 50 | Transcript of preliminary hearing of October 23, 2014 (French.Cortez 002715-002736) | Defendants | |
| 51 | Transcript of preliminary hearing of October 24, 2014 (French.Cortez 002591-002623) | Defendants | |
| 52 | CPD narrative report (French.Cortez 002838-002839) | Defendants | |
| 53 | CPD narrative report (French.Cortez 002840) | Defendants | |
| 54 | Documents related to Shane French arrest on July 25, 2017 (French.Cortez 002857-002874) | Defendants | |
| 55 | Any exhibit needed for rebuttal and/or impeachment purposes | Plaintiffs/ Defendants | |

      b.     Copies of listed exhibits must be provided to opposing counsel no later than seven (7) days after the Pretrial Conference. <u>The objections contemplated by Fed. R. Civ. P. 26(a)(3)(B) shall be made and the final unified exhibit list filed no later than seven (7) days before the Final Trial Preparation Conference</u> unless otherwise ordered.

## 8. DISCOVERY

      1.     Plaintiffs' counsel intends to issue a subpoena duces tecum. In his deposition, Defendant Eubanks testified to two other instances, while employed with the Mancos Marshal's Office, wherein he was accused of using excessive force. Defendants object to this request as discovery has come to a completion and Plaintiffs did not request this file during discovery.

      2.     Plaintiffs' counsel is moving to strike all of defendants' non-specially retained experts pursuant to Fed. R. Civ. P. 26(a)(2)(C)(ii). Defense counsel has not complied with Fed. R. Civ. P. 26(a)(2)(C)(ii), specifically, defense counsel has not provided a "summary of the facts and opinions to which the witness is expected to testify" and Plaintiffs' counsel cannot prepare for trial utilizing the summary provided by the defendants. Defendants object to this request.

      3.     Unless otherwise ordered, upon a showing of good cause in an appropriate motion, there will be no discovery after entry of the Pretrial Order.

      4.     It is Defendants' position that discovery has been completed.

## 9. SPECIAL ISSUES

1.        Plaintiffs' counsel is moving to strike all of defendants' non-specially retained experts pursuant to Fed. R. Civ. P. 26(a)(2)(C)(ii). Defense counsel has not complied with Fed. R. Civ. P. 26(a)(2)(C)(ii), specifically, defense counsel has not provided a "summary of the facts and opinions to which the witness is expected to testify" and Plaintiffs' counsel cannot prepare for trial utilizing the summary provided by the defendants. Alternatively, Plaintiffs' counsel is objecting to expert testimony being provided by defendants' non-specially retained experts pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and their progeny. Plaintiffs' counsel is requesting a pre-trial testimonial hearing to determine the admissibility of the testimony of these non-specially retained experts. Defendants object to this request.

2.        Plaintiffs' counsel is requesting a pre-trial hearing to determine what, if any, of Shane French's criminal history is admissible at trial. Defendants will also request a determination as to the admissibility of the 404(b) evidence against Defendants in advance of trial.

3.        Defendants will likely file a *Daubert* motion as to Plaintiff's law enforcement expert, Dan Corsentino. Defendants object to the testimony of Mr. Corsentino based on the following: (1) any opinions expressed are to be limited to those expressed during the criminal trial and based on the same information that Mr. Corsentino reviewed in forming those opinions at that time; (2) Mr. Corsentino lacks the requisite experience/qualifications to opine on the use of force – particularly as to the use of the TASER; (3) Mr. Corsentino's opinions are unreliable as he relied upon insufficient information to express those opinions; (4) Mr. Corsentino's opinion that the officers used "excessive force" is inadmissible; and (5) Mr. Corsentino's opinions on the use of force are unreliable as they are not based on any accepted standards or methodology.

## 10. SETTLEMENT

a.    On Wednesday, January 30, 2019, counsel for both parties discussed settlement. Settlement discussions are ongoing.

b.    The parties have not participated in a settlement conference.

c.    The parties may hold a future settlement conference.

d.    It appears from the discussion that there is some possibility of settlement.

## 11. EFFECT OF PRETRIAL ORDER

Hereafter, this Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of

the court to prevent manifest injustice. This Pretrial Order supersedes the Scheduling and Discovery Order in the event of conflict. In the event of ambiguity in any provision of this Pretrial Order, reference may be made to the record of the Pretrial Conference to the extent reported by stenographic notes and to the pleadings.

### 12. TRIAL AND ESTIMATED TRIAL TIME/FURTHER TRIAL PREPARATION PROCEEDINGS

a. Trial is to a jury. The parties estimate the trial will take approximately (7) days to complete. The trial will be held in Denver, Colorado.

b. Trial Date: _____.

c. Final Trial Preparation Conference Date: _____.

d. Deadline for filing motions objecting to any testimony of an expert witness based on the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and *their progeny*: **Thirty (30) days after the date of the Pretrial Conference**.

Any such objections not identified in Section 9 of this Order and filed by motion by this date are deemed waived. *[Unless otherwise ordered, a written response to such a motion must be filed **no later than twenty-one (21) days after the motion is filed**. A reply, if any, must be filed **no later than fourteen (14) days after the response**. If an evidentiary hearing is required or desired say so and set forth the time needed for hearing.]*

e. Deadline for filing unified set of jury instructions based on the requirements set forth in my Pretrial and Trial Procedures Memorandum (Civil), § V.B: **Thirty (30) days after the date of the Pretrial Conference**.

f. Deadline for filing all other motions *in limine*, including objections to exhibits and designated deposition testimony: **Thirty (30) days before the scheduled date of the Final Trial Preparation Conference**.

*[Unless otherwise ordered, a written response to such a motion or objection must be filed no later than fourteen (14) days after the motion is filed, and the reply, if any, must be filed no later than seven (7) days after the response.]*

16

**DATED** this 5th day of February, 2019.

BY THE COURT:

JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

**PRETRIAL ORDER APPROVED:**

s/ Kathryn J. Stimson
*Kathryn J. Stimson*
kstimson@hmflaw.com
Haddon Morgan & Foreman
150 E. 10th Ave.
Denver, CO 80203
(303) 831-7364

s/ David A. Lane
*David A. Lane*
dlane@kln-law.com
Killmer Lane & Newman LLP
1543 Champa Street Ste 400
Denver, CO 80202
(303) 571-1000

s/ Tiffany J. Drahota
*Tiffany J. Drahota*
tiffany@drahotadefense.com
Drahota Defense LLC
3200 Cherry Creek South Drive
Suite 720
Denver, CO 80209
(402) 651-0383

*Attorneys for Plaintiffs*

s/ Eric Ziporin
*Eric Ziporin*
eziporin@sgrllc.com
Joseph Williams
jwilliams@sgrllc.com
Senter, Goldfarb & Rice, LLC
3900 E. Mexico Ave, Suite 700
Denver, CO 80210
(303) 320-0509

*Attorneys for Defendants*

01573117.DOCX